## GORDON v UNION TRUST CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1237.  Decided Feb 26, 1934

Mattern & Sheridan, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Sidney G. Kusworm, Dayton, Hubert A. Estabrook, Dayton, and D. W. Iddings, Dayton, for defendant in error.

6

**OPINION**

By THE COURT

The case has been submitted to this court upon the same agreed statement of facts.

We would prefer passing upon the merits of the case but from a consideration of the pleadings we are of opinion that the plaintiff is not entitled to prosecute this action as the father and natural guardian of Wilbert Z. Gordon and Asher T. Gordon.

Sec 11247 GC provides that,

"The action of an insane person must be brought by his guardian and of an infant by his guardian or next friend. When the action is brought by his next friend, the court may dismiss it if it is not for the benefit of the infant or substitute the guardian of any person as the next friend."

This suit was brought by Isadore Gordon, who alleges that he is the father and natural guardian of Wilbert Z. Gordon and Asher T. Gordon, the beneficiaries under a declaration of trust created by Charles Kahn in 1919.

This question was not raised by the pleadings in this case, but is suggested by counsel for defendant in their brief, and the query therefore arises as to the duty of the court.

We cannot escape the conclusion but that the plaintiff is not the real party in interest and is therefore without authority to maintain this action.

In support of this proposition we call the attention of counsel to a decision of the Supreme Court reported in **29 Oh St, page 529**, in the case of **Samuel D. Galpin v John Lamb**. At page 536 of this decision Judge White in announcing the opinion of the court, states:

"The objection to the plaintiff's maintaining the action is not waived, as is claimed in argument, by the failure to demur, on the ground of a defect of parties plaintiff. The objection is not that there is a defect of parties, **but that no right of action is shown to exist in the plaintiff.**

The code does not give such right of action. The rules of the Code in respect to parties are substantially the same as those which prevailed in equity before the adoption of the Code. Where no right of action existed in the party either at law or in equity, the Code does not create one."

The rule is stated in **Ohio Jurisprudence, Volume 30, page 822**, as follows:

"Care must be taken, however, to distinguish this objection from one relating not to the capacity of the plaintiff to sue, but to the fact that it appears from the petition that the right of action which is sought to be enforced does not exist in the plaintiff; if the petition fails to show a cause of action in the plaintiff, the objection is not waived by a failure to demur or to make the objection by answer. Nor is the objection that the plaintiff is not the real party in interest waived by failure to raise that issue by demurrer or answer; **but requires dismissal, when that fact appears** as that is not a defect of parties but a matter going to show that no cause of action exists in the plaintiff's favor."

In the case at bar we think the plaintiff is without authority either in law or equity to maintain this action. No right of action exists in his favor. See also reasoning in case of **Weidner et v Rankin et, 26 Oh St, 522**.

We think the amended petition should be dismissed because it shows upon its face

that the plaintiff is without authority to prosecute the case.

A successor trustee should be appointed for these minors and such successor trustee can then determine whether the interests of the minors would be best subserved by attempting to ingraft a trust upon the funds of The Union Trust Company or by proceeding against the statutory bond which The Union Trust Company was required to give.

Proceeding now to render the judgment which should have been rendered in the lower court, the amended petition will be dismissed for the reasons above stated.

Decree accordingly.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.